UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

NEW MOON REPTILES, LLC

&

TWO AMIGOS IMPORT & EXPORT, INC.

    Plaintiff(s),

vs.

DARIKA SAEKOW d/b/a DD's PLANTS

    Defendant.
_____/

## COMPLAINT

Plaintiffs, New Moon Reptiles, LLC and Two Amigos Import & Export, Inc. ("Plaintiffs"), by and through the undersigned counsel, hereby file this Complaint and sue Darika Saekow d/b/a DD's Plants ("Defendant"), for tortious interference with prospective business relations, defamation, and injunctive relief, and allege as follows:

### JURISDICTION AND VENUE

1. This Court is vested with diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this district, including the harm suffered by Plaintiffs, who are domiciled and conduct business herein.

### PARTIES

3. Plaintiff New Moon Reptiles, LLC is a Florida limited liability company domiciled in

1

Florida, with its principal place of business in Florida, engaged in the importation, exportation, and sale of reptiles and related products.

4. Plaintiff Two Amigos Import & Export, Inc. is a Florida corporation domiciled in Florida, with its principal place of business in Florida, engaged in the importation, exportation, and sale of reptiles and related products.

5. Defendant Darika Saekow d/b/a DD's Plants is an individual domiciled in Nevada, and operating a business under the name DD's Plants, which involves the sale of plants and related products, including through social media platforms.

## GENERAL ALLEGATIONS

6. Plaintiffs are established businesses in the reptile industry, participating in trade shows, expos, and online sales to vendors and customers nationwide.

7. On or about January 2025, Defendant became aware of an incident involving exported exotic reptiles belonging to Plaintiffs, which were shipped from Florida to an expo in California. During said incident, the reptiles belonging to Plaintiff died while under the control of third-party shipment which was not foreseeable nor intended from the perspective of Plaintiff. Of note, Defendant has never transacted business with Plaintiffs nor has ever been affiliated with Plaintiffs.

8. Defendant subsequently and wrongly claimed that the shipment and animals subject thereto was mishandled due to Plaintiff's business practices, resulting in animal deaths, though Plaintiffs dispute the accuracy and completeness of these claims.

9. Beginning in or around October 2025, Defendant began a campaign of online posts on Instagram, where she has over 40,000 followers, many of whom are in the reptile industry

and potential customers or business partners of Plaintiffs.

10. Defendant's posts included false, misleading, and inflammatory statements characterizing Plaintiffs as abusive towards animals and accusing them of indifference, greed, and causing painful animal deaths through improper shipping practices.

11. Defendant further published private correspondence, including an email from a third-party vendor (Inspire Exotics) to the promoter of the NARBC Tinley expo, indicating that Plaintiffs were banned from attending the event scheduled for October 10-12, 2025, due to Defendant's allegations. Defendant's post celebrated this ban and thanked her followers for helping to draw attention to the matter, thereby encouraging further dissemination and harm.

12. As a direct result of Defendant's posts, Plaintiffs have suffered lost business opportunities, including but not limited to: cancellation of their participation in the NARBC Tinley expo and multiple other expos; lost sales from potential customers influenced by the posts; damage to relationships with vendors and affiliates; and receipt of harassing and threatening messages from third parties incited by Defendant's content.

13. Plaintiffs' damages include lost revenue exceeding $75,000, reputational harm, and emotional distress to their owners and employees.

14. On October 20, 2025, Plaintiffs, through counsel, sent a cease and desist letter to Defendant demanding she stop the defamatory conduct, remove the posts, and retract statements, but Defendant refused via her counsel's response on October 30, 2025.

15. Defendant's actions were intentional, malicious, and without justification, aimed at discrediting Plaintiffs' business.

**COUNT I: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**

16. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 15 above as if

fully stated herein.

17. Plaintiffs had existing and prospective business relationships with customers, vendors, and expo organizers, including anticipated participation in events like the NARBC Tinley expo, from which they expected economic advantage.

18. Defendant knew of these relationships through her involvement in the industry and her online stalking of Plaintiffs.

19. Defendant intentionally and unjustifiably interfered with these relationships by publishing false and inflammatory statements on social media, inciting third parties to harass Plaintiffs, and causing the cancellation of business opportunities, such as the expo ban.

20. As a proximate result, Plaintiffs have suffered damages, including lost profits, reputational harm, and other economic losses exceeding $75,000.00.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory damages, punitive damages, costs, and such other relief as the Court deems just and proper.

### COUNT II: DEFAMATION (LIBEL)

21. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 20 above as if fully stated herein.

22. Defendant published false statements of fact about Plaintiffs on Instagram, including characterizations as abusive towards animals and accusations of causing animal deaths through greed and indifference, which are defamatory per se as they impute criminal or unethical conduct damaging to Plaintiffs' business.

23. These statements were false, as Plaintiffs' shipping practices complied with industry standards, and any issues were not due to intentional misconduct.

24. Defendant published these statements to third parties, including her 40,000+ followers, with

knowledge of their falsity or reckless disregard for the truth.

25. As a proximate result, Plaintiffs have suffered damages to their reputation, lost business, and other harms exceeding $75,000.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory damages, punitive damages, costs, and such other relief as the Court deems just and proper.

## COUNT III: INJUNCTIVE RELIEF

26. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 25 above as if fully stated herein.

27. Defendant's ongoing conduct poses an immediate threat of irreparable harm to Plaintiffs' business, as the posts continue to circulate and incite further damage.

28. Plaintiffs have no adequate remedy at law, as monetary damages cannot fully restore their reputation or prevent future interference.

29. The balance of equities favors Plaintiffs, and an injunction would serve the public interest by preventing unlawful harassment and defamation whereas Defendant simply must remove any posts on her social media platforms referencing Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against Defendant and request the following injunctive and declaratory relief: (a) a temporary restraining order and preliminary injunction enjoining Defendant from further defamatory publications, requiring removal of existing posts, and prohibiting contact or incitement of harassment; (b) a permanent injunction upon final judgment; (c) declaratory judgment that Defendant's statements are false and defamatory; and (d) such other relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Alberto R. Leal*.
Alberto R. Leal, Esq., P.A.

5

Florida Bar No.: 1002345  
8927 Hypoluxo Rd. #157  
Lake Worth, FL 33467  
Phone: 954-637-1868  
E-Mail: albertolealesq@gmail.com  
Attorney for Plaintiffs