UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:26-cv-80055-AMC

NEW MOON REPTILES, LLC

&

TWO AMIGOS IMPORT & EXPORT, INC.

    Plaintiff(s),

vs.

DARIKA SAEKOW d/b/a DD's PLANTS

    Defendant.
_____/

## PLAINTIEFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiffs, New Moon Reptiles, LLC and Two Amigos Import & Export, Inc. ("Plaintiffs"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 65(b), respectfully move this Court for a Temporary Restraining Order ("TRO") and, following a hearing, a Preliminary Injunction against Defendant Darika Saekow d/b/a DD's Plants ("Defendant"). In support thereof, Plaintiffs state as follows:

### INTRODUCTION

1. This motion seeks immediate ex parte relief to prevent further irreparable harm to Plaintiffs' business and the personal safety of their owners and families, caused by Defendant's ongoing defamatory and interfering social media campaign on Instagram. Defendant has published false statements labeling Plaintiffs as abusive towards animals has shared content that references or exposes Plaintiffs' owners and their families to her over 40,000 followers, and has incited third-party harassment, resulting in lost business

opportunities (including a ban from major industry expos), canceled sales, and threatening messages that have caused genuine fear for physical safety. Despite a cease and desist demand on October 20, 2025 (Exhibit A), Defendant, through counsel, refused to comply on October 30, 2025 (Exhibit B), and continues her conduct.

2. Without immediate intervention, Plaintiffs will suffer escalating damages that cannot be fully remedied by money alone, including ongoing threats to personal and family safety. Plaintiffs satisfy the requirements for a TRO under Eleventh Circuit precedent, including the factors set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).

3. This motion is supported by the Verified Complaint filed contemporaneously herewith, the Declaration of [Client Representative, e.g., Owner of New Moon Reptiles, LLC] (attached as Exhibit C), screenshots of Defendant's Instagram posts and screenshots of harassing and threatening messages received by Plaintiffs (Exhibit D, E & F), and the correspondence exchanged between counsel (Exhibits A and B).

## STATEMENT OF FACTS

4. Plaintiffs incorporate by reference the allegations in the Verified Complaint, paragraphs 1 through 3.

5. Plaintiffs are Florida-based businesses specializing in the importation, exportation, and sale of reptiles, relying on trade shows, online sales, and industry relationships for revenue.

6. On or about January 2025, Defendant, who has never transacted business with Plaintiffs, became aware of an incident involving exported exotic reptiles belonging to Plaintiffs, which were shipped from Florida to an expo in California. During said incident, the

reptiles belonging to Plaintiff died while under the control of third-party shipment which was not foreseeable nor intended from the perspective of Plaintiff. This transaction and subsequent had absolutely no bearing or involvement as it pertains to Defendant.

7. Since October 2025, Defendant has used her Instagram account (with over 40,000 followers, many in the reptile industry) to post defamatory content, including:

    - Accusations that Plaintiffs are abusive towards animals who caused painful deaths through indifference and greed.
    - Publication of private emails showing Plaintiffs' ban from the NARBC Tinley expo (October 10-12, 2025), while celebrating the ban and thanking followers for amplifying her claims (Exhibit D).
    - Posts that reference or expose Plaintiffs' owners personally, including details that implicate their families, thereby doxxing them to a large audience and heightening risks of targeted harassment.

8. As a direct result of Defendant's conduct, Plaintiffs were banned from the NARBC Tinley expo, losing anticipated revenue exceeding $75,000.00.

9. Potential customers have canceled orders and major expos have banned Plaintiffs from participation, citing Defendant's posts, resulting in lost sales over $10,000.00 to date.

10. Plaintiffs have received harassing and threatening messages from unknown individuals, believed to be incited by Defendant's posts, including explicit death threats and references to Plaintiffs' children and family, causing reasonable fear for physical safety (Exhibit E; see also Exhibit C, Declaration detailing the impact on personal and family well-being). For example:

    - A message from "Hillary Puff" (hpuff@yahoo.com) stating: "YOU

> > FUCKING PIECE SHIT, FUCKING COWARDS. Truly feel SO SORRY a child has to be raised by you" (Exhibit E).
>
> - A message from "L" (skyestanborough@gmail.com) stating: "Kill yourself nobody will miss you. You should be suffocated in a trash bag too. No one will ever love you" (Exhibit F).

11. These threats, which reference family members (e.g., children), have caused Plaintiffs' owners to fear for their own safety and that of their families, as Defendant's posts to her large following have effectively encouraged vigilantism. Plaintiffs have since filed a police report with the local police department.

12. Reputational harm continues to spread, as Defendant's posts remain online and are shared within the industry that Plaintiff and Defendant both rely on for business transactions.

13. On October 20, 2025, Plaintiffs demanded Defendant cease her conduct, remove posts, and retract statements by November 1, 2025 (Exhibit A). Defendant's counsel responded on October 30, 2025, denying falsity, framing the statements as protected opinion, and refusing compliance (Exhibit B). Defendant has not removed any content and continues to post or allow dissemination.

14. Absent a TRO, harm will intensify, as the reptile industry operates on trust, upcoming events (e.g., winter expos) are critical to Plaintiffs' business survival, and the escalating threats pose immediate risks to personal and family safety.

## LEGAL STANDARD

15. Under FRCP 65(b), a TRO may issue ex parte if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and counsel certifies

efforts to notify the opposing party.

16. To obtain a TRO or preliminary injunction, Plaintiffs must show: (1) substantial likelihood of success on the merits; (2) irreparable harm absent relief; (3) the threatened injury outweighs damage to Defendant; and (4) the injunction serves the public interest. *Winter*, 555 U.S. at 20; *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005).

## ARGUMENT

### I. Plaintiffs Have a Substantial Likelihood of Success on the Merits

17. *Tortious Interference with Prospective Business Relations*: Plaintiffs should prevail under Florida law, with this Honorable Court exercising Supplemental Jurisdiction, as Defendant knew of Plaintiffs' industry relationships (e.g., expo participation), intentionally interfered via false posts inciting bans and boycotts, and caused damages without justification. *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985). Defendant's malice is evident from her celebratory posts and exposure of personal/family details (Exhibit D).

18. *Defamation (Libel)*: Defendant's statements are false facts (e.g., implying intentional killing), not mere opinion, as they are verifiable and defamatory per se (imputing criminal conduct). *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19 (1990); Fla. Stat. § 770.01. Published to over 40,000 followers, including content referencing Plaintiffs' families, they have caused proven harm, including safety threats.

19. Defendant's First Amendment defense fails, as false statements inciting harm are unprotected. *Obsidian Fin. Grp., LLC v. Cox*, 740 F.3d 1284, 1291 (9th Cir. 2014)

(analogous online defamation).

## II. Plaintiffs Will Suffer Irreparable Harm Absent Immediate Relief

20. Reputational damage in a niche industry like reptiles is presumptively irreparable, as lost goodwill cannot be quantified. *Ferrellgas Partners, L.P. v. Barrow*, 143 F. App'x 180, 190 (11th Cir. 2005). Moreover, the threats incited by Defendant's posts—explicitly referencing death and family members (e.g., children)—create immediate fear for physical safety, constituting irreparable harm beyond economic loss. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) (loss of rights, including safety from incited violence, is irreparable). Ongoing posts continue to erode Plaintiffs' business and expose their families, with delays until a hearing allowing further dissemination and potential escalation (Exhibit D).

### III. The Balance of Equities Favors Plaintiffs

21. Defendant faces minimal harm from removing false posts and ceasing interference, while Plaintiffs risk business collapse and physical harm to themselves and their families. Enjoining unlawful speech imposes no undue burden. *See Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010).

### IV. The Injunction Serves the Public Interest

22. Preventing defamation, harassment, and incitement to violence promotes fair commerce and public safety, without chilling protected speech.

## CERTIFICATION UNDER FRCP 65(b)(1)(B)

23. Undersigned counsel certifies that on January 6, 2025, efforts were made to notify Defendant's counsel, Marcy LaHart, Esq., via email, of this motion and the intent to seek ex parte relief. An uncooperative response was offered, but the urgency of irreparable

harm, including threats to safety, necessitates proceeding.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully request:

1. A Temporary Restraining Order, effective immediately and lasting through the pendency of resolution of the underlying Complaint, enjoining Defendant from:

    a. Publishing further statements about Plaintiffs, their owners, or families;

    b. Inciting third-party contact or harassment;

2. Order Defendant to remove all existing defamatory posts, including those referencing personal or family information, within 48 hours.

3. An order setting a hearing on the Preliminary Injunction within 14 days;

4. Waiver or minimal bond, as no harm to Defendant is shown;

5. Such other relief as the Court deems just.

Respectfully submitted,

*/s/ Alberto R. Leal*.
Alberto R. Leal, Esq., P.A.
Florida Bar No.: 1002345
8927 Hypoluxo Rd. #157
Lake Worth, FL 33467
Phone: 954-637-1868
E-Mail: albertolealesq@gmail.com
Attorney for Plaintiffs