UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-80055-Cannon/McCabe

NEW MOON REPTILES LLC, et al.,

    Plaintiffs,

v.

DARIKA SAEKOW a/b/a/ DD's PLANTS

    Defendant.
_____/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 4, DE 6). Because the motion involves injunctive relief, the Court resolves the motion by way of Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **DENIED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

This is a defamation and tortious interference case arising from social media posts. (DE 1). Plaintiffs operate a Florida-based business engaged in the importation, exportation, and sale of reptiles. (DE 1 ¶¶ 3-4, 6; DE 4 ¶ 5). Plaintiffs allege that Defendant, an individual who resides in Nevada, published false social media posts accusing Plaintiffs of unethical and unlawful conduct within the reptile industry. (DE 1 ¶¶ 7-11; DE 4 ¶ 7). Specifically, Defendant published false social media posts claiming that Plaintiffs caused the death of certain reptiles by shipping them to a trade show in California under unsafe circumstances that caused their deaths. (DE 1 ¶¶ 9-11).

According to Plaintiffs, these posts damaged Plaintiffs' business reputation, resulted in lost business opportunities, and led to Plaintiffs' exclusion from certain industry events. (DE 1 ¶¶ 12-13; DE 4 ¶¶ 8-9). Plaintiffs further claim that Defendant's posts prompted third parties to send harassing and threatening messages to Plaintiffs. (DE 4 ¶¶ 10-11). Plaintiffs have reported these threats to law enforcement. (DE 4 ¶ 11).

Plaintiffs sent a cease-and-desist letter to Defendant in Nevada on October 20, 2025. Defendant responded on October 30, 2025, through counsel, by denying any wrongdoing and refusing to remove the social media posts at issue. (DE 4 ¶ 13, DE 1 ¶ 14). By way of the pending motion, Plaintiffs seek entry of an ex parte temporary restraining order ("TRO") that would, among other things:

1. prohibit Defendant from publishing or republishing statements concerning Plaintiffs, their owners, or their families,

2. require Defendant to remove previously published social media posts,

3. enjoin Defendant from encouraging or inciting third-party contact or harassment, and

4. maintain these restraints through the pendency of the case.

(DE 4 at 7). As of the date of this Report and Recommendation, Defendant has not been served or appeared in the case.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs preliminary injunctions and TROs. Under that rule, a court may grant a preliminary injunction only when the movant demonstrates (1) a substantial likelihood of success on the merits, (2) that irreparable injury will be suffered unless the injunction issues, (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party, and (4) that the injunction would not be adverse

to the public interest. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989). A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes all four prerequisites. *Id.*

A party seeking an ex parte TRO must establish all of the elements of a preliminary injunction, plus the additional requirements of Rule 65(b)(1), which provides as follows:

> (b) Temporary Restraining Order
>
> (1) *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant *before the adverse party can be heard in opposition*; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

### III.  DISCUSSION

The Court recommends that the pending motion be denied without prejudice for two reasons, each of which the Court will address in turn.

#### A.  Lack of Immediate and Irreparable Injury

First, an ex parte TRO cannot be entered unless the moving party sets forth specific facts that clearly show a risk of immediate and irreparable injury, loss, or damage that will result *before the adverse party can be heard in opposition*. Fed. R. Civ. P. 65(b)(1)(A). The Court finds no such facts here. Plaintiffs allege that Defendant made repeated defamatory social media posts "beginning in October 2025." (DE 1 at 9, DE 4 at 3). Significantly, Plaintiffs do not provide the latest date of any such post. The Court's own review of the record shows the most recent post to be dated October 16, 2025. (DE 4, Ex. D). Plaintiffs waited approximately three months to seek this TRO. As the Eleventh Circuit has explained, "[a] delay in seeking a preliminary injunction of even only a few months — though not necessarily fatal — militates against a finding of

irreparable harm." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016).  In the Court's view, a three-month-old social media post does not warrant the extraordinary remedy of an ex parte TRO.

The scope of the requested TRO further weighs against ex parte relief.  The requested TRO would prohibit Defendant from engaging in future speech and compel the removal of existing online content.  Where requested relief operates as a prior restraint against speech, courts require an especially demanding showing of immediacy and irreparability.  *See Miracle Surrogacy, LLC v. Monello-Fuentes*, No. 25-CV-21575, 2025 WL 1154420, at *3 (S.D. Fla. Apr. 14, 2025) (denying TRO that would restrain speech, noting that prior restraints carry a heavy presumption of unconstitutionality and require an extraordinary showing of immediate and irreparable harm).  The instant motion fails to meet this high standard.  For this reason as well, the motion should be denied.

### B. Personal Jurisdiction

Next, a TRO cannot be entered without a prima facie showing that the Court has personal jurisdiction over the restrained defendant.  *Franco v. Theroux*, No. 1:25-CV-22949-LMR, 2025 WL 2056156, at *3 (S.D. Fla. July 9, 2025) (noting that "the most basic prerequisite for a temporary restraining order is adequately establishing that a court may exercise personal jurisdiction over the defendants"); *Alston v. Calculator.com*, 476 F. Supp. 3d 1295, 1308 (S.D. Fla. 2020) (noting that injunctive relief operates in personam and therefore requires a prima facie showing that there is personal jurisdiction over the defendant); *see also Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009) (noting that "an in personam judgment entered without personal jurisdiction over a defendant is void as to that defendant") (cleaned up).

Personal jurisdiction involves a two-step inquiry.  First, a district court must assess whether Florida's long-arm statute authorizes personal jurisdiction under either the "specific" jurisdiction

provisions of Fla. Stat. § 48.193(1) or the "general" jurisdiction provisions of Fla. Stat. § 48.193(2). *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1203 (11th Cir. 2015). Second, a district court must assess whether the exercise of personal jurisdiction satisfies the Fourteenth Amendment's Due Process Clause, including an analysis of the nonresident defendant's "minimum contacts" with the forum state to ensure that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Here, Plaintiffs allege that Defendant, a resident of Nevada, committed defamation by making a nationwide social media post. (DE 1). The Court questions whether the current Complaint makes out a prima facie case of personal jurisdiction over Defendant. *See Moore v. Cecil*, 109 F.4th 1352, 1363 (11th Cir. 2024) (affirming dismissal of social media defamation case against a nonresident defendant for lack of personal jurisdiction); *Zimmerman v. Buttigieg*, 521 F. Supp. 3d 1197, 1208-1211 (M.D. Fla. 2021) (dismissing social media defamation case against a nonresident defendant for lack of personal jurisdiction); *Miller v. Gizmodo Media Group, LLC*, 383 F. Supp. 3d 1365, 1371-76 (S.D. Fla. 2019) (dismissing social media defamation case against a nonresident defendant for lack of personal jurisdiction).

To the extent Plaintiffs choose to renew this motion as a traditional motion for preliminary injunction, with notice to the adverse party, Plaintiffs should be mindful to allege facts that make out a prima facie case of personal jurisdiction over Defendant. Any renewed motion should also include legal analysis as to why a prima facie case of personal jurisdiction exists under Florida's long-arm statute and the Due Process Clause of the Constitution.

IV.     **RECOMMENDATION & NOTICE OF RIGHT TO OBJECT**

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (DE 4) should be **DENIED WITHOUT PREJUDICE.**

2. Plaintiffs should be permitted to file a renewed motion for preliminary injunction with notice to the adverse party.

3. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

4. **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 22nd day of January 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE