UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:26-cv-80055-AMC

NEW MOON REPTILES, LLC

&

TWO AMIGOS IMPORT & EXPORT, INC.

    Plaintiff(s),

vs.

DARIKA SAEKOW d/b/a DD's PLANTS

    Defendant.

_____/

## PLAINTIFFS' AMENDED OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiffs, New Moon Reptiles, LLC and Two Amigos Import & Export, Inc. ("Plaintiffs"), by and through undersigned counsel, pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), respectfully file these Amended Objections to the Magistrate Judge's Report and Recommendation ("R&R") entered on January 22, 2026 (DE 7) and this Honorable Court's Order Striking (DE 10), which recommends denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (DE 4) without prejudice. Plaintiffs request de novo review by this Honorable Court and respectfully object to the Magistrate Judge's findings for the reasons set forth below.

### I. INTRODUCTION

Plaintiffs respectfully object to the R&R's recommendation to deny the Motion without prejudice on the grounds of (1) lack of immediate and irreparable injury and (2) questions regarding personal jurisdiction over Defendant. As detailed in the Verified Complaint (DE 1), the Motion (DE 4), and supporting exhibits, Defendant's defamatory Instagram posts (which are ongoing to the present day)—published to over 40,000 followers—have falsely accused Plaintiffs of animal abuse, celebrated their ban from industry events, and exposed personal and family details, effectively doxxing Plaintiffs' owners and inciting third-party harassment, including explicit death threats referencing their children (Exhibits D, E, F). These posts remain online and threats are ongoing, continuing to erode Plaintiffs' business in the trust-dependent reptile industry and posing ongoing risks to personal and family safety. Despite a cease-and-desist demand (Exhibit A), Defendant refused compliance (Exhibit B) and has not removed the content.

The R&R's concerns, while noted with respect, do not account for the full context of Plaintiffs' good-faith efforts to resolve the matter extrajudicially or the established basis for the validity of plaintiff's claims. Plaintiffs urge this Court to sustain these objections, grant the requested ex parte Temporary Restraining Order ("TRO") to prevent further escalation of harm, or, in the alternative, set an expedited hearing on the Preliminary Injunction.

## II. OBJECTION TO FINDING OF LACK OF IMMEDIATE AND IRREPARABLE INJURY

The R&R concludes that Plaintiffs have not shown immediate and irreparable injury under Fed. R. Civ. P. 65(b)(1)(A), citing a three-month delay from the most recent identified post (October 16, 2025) to the filing of the Motion, and the extraordinary nature of the relief as a prior

restraint on speech. Plaintiffs respectfully object, as the delay was a reasonable effort to preserve judicial resources, and the ongoing nature of the harm—coupled with the severe harassment Plaintiffs have faced online—necessitates immediate relief. Moreover, the harassment and posts from Defendant are ongoing and continue to this day. Upon reasonable information and belief, it is presumed that Defendant is reaping financial reward when referencing Plaintiffs given the volume of views and likes received from each post referencing the same.

First, the delay does not negate irreparability. Plaintiffs sent a cease-and-desist letter to Defendant on October 20, 2025 (Exhibit A), demanding removal of the posts and retraction by November 1, 2025. Defendant's counsel responded on October 30, 2025, denying liability and refusing compliance (Exhibit B). Plaintiffs waited to see how this correspondence would resolve in an effort to avoid burdening the Court unnecessarily, consistent with principles of judicial economy and good-faith dispute resolution.

The harm is immediate and irreparable, particularly given the online harassment Plaintiffs have endured and continue to endure. The posts remain accessible on Instagram, continuing to spread within the reptile industry and incite threats. As evidenced by Exhibits E and F, Plaintiffs have received messages such as: "YOU FUCKING PIECE SHIT, FUCKING COWARDS. Truly feel SO SORRY a child has to be raised by you" (from hpuff@yahoo.com), and "Kill yourself nobody will miss you. You should be suffocated in a trash bag too. No one will ever love you" (from skyestanborough@gmail.com). These threats explicitly reference Plaintiffs' children and have caused genuine fear for physical safety, prompting a police report (DE 4 ¶ 11; Exhibit C).

The need for approval of the TRO is acute given the harassment: the posts' persistence online continues to expose Plaintiffs' families to vigilantism, making delay until opposition risky. Plaintiffs have satisfied Rule 65(b)(1), and the R&R's finding should be overruled.

### III. OBJECTION TO FINDING REGARDING PERSONAL JURISDICTION

The R&R questions whether the Complaint establishes a prima facie case of personal jurisdiction over Defendant, a Nevada resident, citing cases involving social media defamation. Plaintiffs respectfully object, as the facts allege sufficient contacts.

Defendant's Instagram posts—falsely accusing Florida-based Plaintiffs of animal abuse, publishing private emails about their Florida-originated business ban, and exposing family details—were accessible in Florida, targeted Florida residents, and caused harm in Florida, including lost revenue exceeding $85,000.00, canceled sales, expo bans, and threats (DE 1 ¶¶ 9-13; DE 4 ¶¶ 7-10; Exhibits D-F). The incident itself originated in Florida (reptiles shipped from Florida), and Defendant knew of Plaintiffs' Florida location, as her posts reference their Florida operations (DE 4 ¶¶ 5-6). This purposeful targeting should establish sufficient grounds for a tortious act in Florida. Defendant's posts were not random but aimed at harming Florida businesses in a shared industry, satisfying minimum contacts and fair play.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court sustain these objections, reject the R&R, grant the ex parte TRO, or set an expedited hearing on the Preliminary Injunction, and award such other relief as deemed just.

                Respectfully submitted,

*/s/ Alberto R. Leal*.
Alberto R. Leal, Esq., P.A.
Florida Bar No.: 1002345
8927 Hypoluxo Rd. #157
Lake Worth, FL 33467
Phone: 954-637-1868
E-Mail: albertolealesq@gmail.com
Attorney for Plaintiffs