UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-80055 Cannon/McCabe

NEW MOON REPTILES LLC, et al.,

      Plaintiff

v.

DARIKA SAEKOW dba DD's PLANTS

      Defendant

                                   /

## DEFENDANT DARIKA SAEKOW'S MOTION TO DISMISS

Defendant, DARIKA SAEKOW dba DD's PLANTS, by and through undersigned counsel and pursuant to Rule 12(b)(2) and 12(b)(6) Fed. R. Civ. Pro. moves this Court for an Order dismissing the Complaint filed by Defendants NEW MOON REPTILES LLC and TWO AMIGOS IMPORT & EXPORT INC. and in support thereof states:

## BACKGROUND

NEW MOON REPTILES LLC and TWO AMIGOS IMPORT & EXPORT INC. (hereinafter "Plaintiffs") have initiated a SLAPP suit[1] against DARIKA SAEKOW dba DD's PLANTS (hereinafter "Defendant" or "Saekow"), a resident of Nevada. Plaintiffs wish to force Saekow to remove social media posts regarding Plaintiffs' treatment of animals, which Plaintiffs

---

[1] "SLAPP" refers to "strategic lawsuits against public participation," which are meritless lawsuits filed with the intent to chill or punish protected free speech by forcing the defendant to either surrender their constitutional rights or shoulder the heavy costs of litigation. (citations omitted) *Sterling v. De La Rosa*, No. 6:21-cv-723-PGB-NWH, 2025 U.S. Dist. LEXIS 255739, at *4 (M.D. Fla. Dec. 9, 2025)

allege "included false, misleading, and inflammatory statements characterizing Plaintiffs as abusive towards animals and accusing them of indifference, greed, and causing painful animal deaths through improper shipping practices." (DE 1 ¶ 10) Plaintiffs have sued Saekow in Florida for defamation and tortious interference with business relations and seek to leverage this court's power to force Saekow to remove social media posts Plaintiffs find objectionable and restrain her "from further defamatory publications."

Plaintiffs have failed to plead facts that if true demonstrate that this Court has personal jurisdiction over Saekow, fail to identify any statement that is defamatory and fail to allege facts that if true establish a claim for tortious interference. Furthermore, the complaint does not identify anyone to whom the unidentified defamatory statements were published, and the tortious interference claim is precluded by Florida's single action/single publication doctrine. Accordingly, the complaint should be dismissed.

## LEGAL STANDARD

### A.  Federal Rule of Civil Procedure 12(b)(2)

For this Court to exercise personal jurisdiction over Saekow, Plaintiffs must establish two elements. First, Plaintiffs must establish that Saekow is subject to personal jurisdiction under Florida's long-arm statute, section 48.193, Florida Statutes. See *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626 (11th Cir. 1996). Second, Plaintiffs must establish that Saekow has sufficient minimum contacts with the State of Florida to justify the exercise of personal jurisdiction over Saekow under the U.S. Constitution.  *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945), *Sculptchair*, 94 F.3d at 626.

The complaint alleges that Defendant resides in Nevada. It does not allege that Defendant has a place of business in Florida, that she has continuous and systematic connections with Florida, that she is engaged in substantial activity within the state, or that the allegedly defamatory social media posts were directed at Florida as opposed to her Instagram followers. See *Moore v. Cecil*, 109 F.4th 1352, 1364 (11th Cir. 2024)( finding no personal jurisdiction over a defendant in the absence of evidence that the defendant posted allegedly defamatory information hoping to reach the forum state or an audience in the forum state specifically).

Motions to dismiss for lack of personal jurisdiction are governed by Federal Rule of Civil Procedure 12(b)(2). To withstand such a motion, a plaintiff must plead sufficient facts to establish a prima facie case of jurisdiction over the nonresident defendant. *Virgin Health Corp. v. Virgin Enters. Ltd*., 393 F. App'x 623, 625 (11th Cir. 2010). Nothing in the complaint establishes that Saekow is subject to personal jurisdiction in the Southern District of Florida.

## B. Federal Rule of Civil Procedure 12(b)(6)

To prevent dismissal under Federal Rule of Civil Procedure 12(b)(6), the plaintiff must allege sufficient facts to state a claim for relief that is "plausible on its face." *Moore v. Cecil*, 109 F.4th 1352, 1365 (11th Cir. 2024) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  A court's review of the sufficiency of the complaint is limited to the allegations presented in the complaint and attached exhibits. See GSW, Inc. v. Long Cty., Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). Moreover, all factual allegations in the complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010)

The early dismissal of defamation cases is favored as a means of vindicating defendants' First Amendment rights. *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 109 (D.C. Cir. 2017) ("[T]he Supreme Court has directed courts to expeditiously weed out unmeritorious defamation suits.") Early resolution of defamation cases "not only protects against the costs of meritless litigation, but provides assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive." *Palin v. New York Times Co.*, 264 F.Supp.3d 527, 533 (S.D.N.Y. 2017).

## **ARGUMENT**

I.  **Plaintiffs failed to state a cause of action for tortious interference with business relations.**

Under Florida law, a claim for interference with a business relationship requires (1) "the existence of a business relationship between the plaintiff and a third person . . . under which the plaintiff has legal rights"; (2) the defendant's knowledge of that contract or business relationship; (3) "an intentional and unjustified interference with the relationship by the defendant which induces or otherwise causes the third person not to perform"; and (4) damages. *Cecchini v. Cetera Fin. Grp., Inc.*, No. 9:19-cv-80215-WM, 2020 U.S. Dist. LEXIS 90445, at *6 (S.D. Fla. May 21, 2020), citing *Seminole Tribe of Fla. v. Times Pub. Co.*, 780 So. 2d 310, 315 (Fla. 4th DCA 2001); *Coach Servs. v. 777 Lucky Accessories, Inc.*, 752 F. Supp. 2d 1271, 1273 (S.D. Fla. 2010) (applying Florida law); *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994).

The complaint alleges that "Plaintiffs had existing and prospective business relationships with customers, vendors, and expo organizers. . .." DE 1 ¶ 17. Plaintiffs have failed to specifically identify any protected business relationship with any third person under which

Plaintiffs had any legal rights and accordingly have not plead sufficient facts to establish a cause of action for tortious interference with a business relationship.

Even if Plaintiffs had identified any entity with which it had a business relationship, the tortious interference claim is precluded by Florida's single action/single publication doctrine. Florida's single action /single publication rule precludes the recasting of defamation claims as additional, distinct causes of action in tort if the claims arise from same defamatory publications. See *Fridovich v. Fridovich*, 598 So.2d 65, 69 (Fla. 1992) ("It is clear that a plaintiff is not permitted to make an end-run around a successfully invoked defamation privilege by simply renaming the cause of action and repleading the same facts."); see also *Ovadia v. Bloom*, 756 So.2d 137, 141 (Fla. 3d DCA 2000) (explaining that multiple actions are not permitted under the single publication /single action rule when they arise from the same publication upon which a failed defamation claim is based); *Edelman v. Kolker*, 194 So.2d 683, 684 (Fla. 3d DCA 1967) ("The general rule in Florida is that only one cause of action arises out of a single tort committed on an individual, even though that tort results in damages to both the person and his physical property.")

"When claims are based on analogous underlying facts and the causes of action are intended to compensate for the same alleged harm, a plaintiff may not proceed on multiple counts for what is essentially the same defamatory publication or event." *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014). Under these circumstances, courts have dismissed the offending counts. *Id.* at 1255–57.

Accordingly, because the claim of tortious interference with business relations is based on the same underlying facts and is intended to compensate for the same alleged harm as alleged

in Count II of the amended complaint, the claim for tortious interference with business relations

must be dismissed.


II.  **Plaintiffs failed to state a cause of action for defamation**


In Florida, the elements of defamation are: (1) the defendant published a false statement;

(2) about the plaintiff; (3) to a third party; and (4) that the falsity of the statement caused injury

to another. *Alan v. Wells Fargo Bank*, *N.A.*, 604 F. App'x 863, 865 (11th Cir. 2015). Accord

*Valencia v. Citibank Int'l*, 728 So. 2d 330 (Fla. 3d DCA 1999) ("To recover for libel under

Florida law, a plaintiff must establish that: 1) the defendant published a false statement; 2) about

the plaintiff; 3) to a third party; and 4) the party suffered damages as a result of the publication.")

The complaint fails to identify any specific statement published by Saekow that is false.

The complaint alleges in conclusory fashion that:

> *Defendant's posts included false, misleading, and inflammatory*
> *statements characterizing Plaintiffs as abusive towards animals*
> *and accusing them of indifference, greed, and causing painful*
> *animal deaths through improper shipping practices.*

Whether someone is indifferent or greedy is a matter of opinion therefore not actionable.

*Turner v. Wells*, 879 F.3d 1254 (11th Cir. 2018) ("True statements, statements that are not

readily capable of being proven false, and statements of pure opinion are protected from

defamation actions[.]") Animal welfare is a matter of public concern. See *Maldonado v.*

*Franklin*, 2019 WL 4739439 (Tex. App. Sept. 30, 2019) (Statements regarding neighbors'

mistreatment of their dog were communications made regarding a matter of public concern,

animal welfare, and were protected speech.) However, because the specific posts that are

allegedly defamatory remain a mystery, it is impossible for this Court to decide if they are

truthful and/or protected speech. Because Plaintiffs have not alleged the specific statements made by Saekow that are allegedly untrue and defamatory, they have not stated a claim for defamation. See *Finkelstein v. Mount Sinai Med. Ctr. of Fla., Inc.*, No. 23-cv-20188-ALTMAN/REID, 2025 U.S. Dist. LEXIS 231421, at *27 (S.D. Fla. Nov. 24, 2025)( "By failing to provide an actual statement attributed to the Defendants, our Plaintiff doesn't plausibly say whether the statements are 'readily capable of being proven false' or whether they're 'protected from defamation actions by the First Amendment.' Nor does she plausibly allege the publication, falsity, or defamatory nature of any specific statement. So, we agree with Magistrate Judge Reid that, '[i]f a defamation claim leaves the Court only to guess what the defamatory statement could be, it should be dismissed for failure to state a claim.'")

Even if the complaint did identify defamatory statements that are attributable to the Defendant, the complaint still fails to demonstrate a cause of action. To successfully plead a claim for defamation, the plaintiff must allege the "identity of the particular person to whom the remarks were made with a reasonable degree of certainty" to afford the defendant "enough information to determine affirmative defenses." *Burnham v. State*, 37 Fla. 327, 20 So. 548 (Fla. 1896), *Aflalo v. Weiner*, Case Number: 17-61923-CIV-MORENO, at *8-9 (S.D. Fla. July 2, 2018), ("Plaintiff's assertion that the Statement was put on Defendant's Facebook wall 'for all to see' fails to identify those persons to whom the Facebook post was published with a reasonable degree of certainty."), citing *Ward v. Triple Canopy, Inc.*, 2017 U.S. Dist. LEXIS 115472, at *4 (M.D. Fla. July 25, 2017)(citing *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981)(dismissing complaint that alleged that defamatory remarks were allegedly made to "numerous third parties on numerous occasions" for failure to properly allege publication). Here

the Plaintiff has failed to identify any person who read even one of the allegedly defamatory statements and therefore has failed to state a cause of action.

## REQUEST FOR ATTORNEY'S FEES

Defendant should be entitled to recover her reasonable attorneys' fees and costs under Florida's anti-SLAPP statute. *Fla. Stat. § 768.295*. To protect defendants from being "dragged through the courts because of an exercise of constitutional rights  the Florida anti-SLAPP statute prohibits a plaintiff from filing a lawsuit that is (a) "without merit" and (b) brought "primarily because [the defendant] has exercised the constitutional right of free speech in connection with a public issue." Fla. Stat. § 768.295(3). The anti-SLAPP statute also provides that a court "*shall* award the prevailing party reasonable attorney fees and costs incurred in connection with a claim that an action was filed in violation of this section." Fla. Stat. § 768.295(4) (emphasis added). See *Button v. McCawley*, No. 0:24-CV-60911, 2025 U.S. Dist. LEXIS 234737, at *3 (S.D. Fla. Dec. 2, 2025), *citing Bongino v. Daily Beast Co.*, 477 F. Supp. 3d 1310, 1322 (S.D. Fla. 2020) ("Florida's anti-SLAPP statute prohibits a person from filing a cause of action that is (a) 'without merit' and (b) 'primarily' because the person against whom the suit was filed exercised the constitutional right of free speech in connection with a public issue."), see also *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1128 (S.D. Fla. 2021) (Essentially, Florida's statute functions as "a garden variety fee shifting provision, which the Florida legislature enacted to accomplish a 'fundamental state policy'—deterring SLAPP suits.")(citations omitted)

This case was bought not just primarily but solely because Defendant exercised her First Amendment rights regarding a matter of public concern, animal welfare. It is telling that Plaintiffs' counsel did not reply to the October 30, 2025 response of Defendant's counsel to his October 20, 2025 cease and desist letter, both exhibits to the complaint. Notably Defendant did

not refuse to remove any defamatory post, the letter from her counsel stated "Ms. Saeko will not

cease exercising her first amendment rights or remove previously posted content from social

media unless you can identify any specific statements or posts by my client that are

demonstrably untrue."

## CONCLUSION

For the foregoing reasons, Saekow respectfully requests that the Court dismiss Plaintiffs'

complaint for lack of personal jurisdiction and for failure to state a claim as a matter of law, and

grant such other and further relief as the Court deems just and proper.

 Respectfully submitted this 12th day of February, 2026.

MARCY I. LAHART, PLLC


BY:/s/ Marcy LaHart

Marcy I. LaHart, Esq.

Florida Bar No. 0967009

marcy@doglaw.co

861 S. 40th Street

Tacoma. WA 98418

(352) 545-7001


## CERTIFICIATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of February, 2026 a true and correct copy of

the foregoing has been furnished via CM/ECF electronic mail service to the Clerk of the Court. I

also certify that the foregoing document is being served this day on all counsel of record via

transmission of Notices of Electronic Filing generated by CM/ECF.

BY: /s/ Marcy LaHart

Marcy LaHart, Esq.