UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 26-80055-CIV-CANNON/McCabe

**NEW MOON REPTILES LLC**, and
**TWO AMIGOS IMPORTS &
EXPORTS, INC.**,

      Plaintiffs,
v.

**DARIKA SAEKOW** *d/b/a* **DD'S PLANTS**,

      Defendant.
_____/

**ORDER ACCEPTING REPORT AND RECOMMENDATION AND DENYING
WITHOUT PREJUDICE MOTION FOR TEMPORARY RESTRAINING ORDER**

      **THIS CAUSE** comes before the Court upon Magistrate Judge Ryon M. McCabe's Report and Recommendation, issued on January 22, 2026 (the "Report") [ECF No. 7]. The Report recommends denying without prejudice Plaintiffs' ex parte Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") [ECF No. 4]. The Court has reviewed the Report, the Motion, Plaintiffs' Objections [ECF No. 11], and the full record. Upon review, the Court **ACCEPTS** the Report and Recommendation and **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction.

      Plaintiff's Objections are general, lack any citations to authority, and otherwise fail to show any error in the Report's conclusions. *See United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) ("Frivolous, conclusive, or general objections need not be considered by the district court" (quotation omitted)). Even were the Court to conduct de novo review of the Report, the Court agrees with the Report's conclusion that Plaintiffs have failed to demonstrate any emergency

justifying the requested ex parte temporary restraining order.[1]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 7] is **ACCEPTED**.

2. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction [ECF No. 4] is **DENIED WITHOUT PREJUDICE**.

**ORDERED** in Chambers in Fort Pierce, Florida, this 17th day of February 2026.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record

---

[1] Plaintiffs' own argument demonstrates that there is no "immediate and irreparable injury" such that a TRO must be entered "before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Despite having sent a cease & desist letter back on October 20, 2025, and having received a letter from Defendant's counsel "denying liability and refusing compliance" on October 30, 2025, Plaintiffs still opted to wait for nearly twelve weeks "to see how this correspondence would resolve" [ECF No. 11 p. 3]. Evidentially, then, Plaintiffs have demonstrated an ability to communicate with Defendant regarding the social media posts at issue, await a response, receive a response, and then still wait nearly twelve weeks before filing for a TRO. These facts belie any suggestion that Plaintiffs would suffer "immediate and irreparable injury, loss, or damage . . . before the adverse party can be heard in opposition," *see* Fed. R. Civ. P. 65(b)(1)(A), for their very reason proffered for waiting to seek this relief is that they were hearing and attempting to resolve the opposing party's opposition. *See Bender v. Esper*, No. 19-CV-00355, 2020 WL 4960834, at *5 (M.D. Ga. Aug. 24, 2020) ("The most basic logic dictates that if Plaintiff can afford to wait several weeks to determine if she wants to go forward with her motion for a preliminary injunction, then it is highly unlikely that Plaintiff is suffering an irreparable harm that requires the Court to issue such an 'extraordinary and drastic remedy' as a preliminary injunction." (citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000))).